**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 01 2012 ★

BROOKLYN OFFICE

SLR:LDM:KRH
F.#2012V00109

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

        Plaintiff,

    – against –

ALL FUNDS ON DEPOSIT IN MAHOPAC BANK
ACCOUNT NUMBER 41002031, HELD IN THE
NAME OF MICHAEL A. SANGIUOLO UP TO AND
INCLUDING THE SUM OF FORTY-ONE
THOUSAND TEN DOLLARS AND ZERO CENTS
($41,010.00), AND ALL FUNDS TRACEABLE
THERETO, AND

THE REAL PROPERTY AND PREMISES LOCATED
AT 1480 SW SEA HOLLY WAY, PALM CITY,
FLORIDA 34990,

        Defendants In Rem.

- - - - - - - - - - - - - - - - - - -X

Verified Complaint
In Rem

Civil Action No.

CV12 - 486

COGAN, J.

        Plaintiff, UNITED STATES OF AMERICA, by its attorney,
LORETTA E. LYNCH, United States Attorney for the Eastern District
of New York, KAREN R. HENNIGAN, Special Assistant United States
Attorney, of counsel, alleges upon information and belief as
follows:

### PRELIMINARY STATEMENT

    1.    This is a civil action in rem in order to forfeit
and condemn to the use and benefit of the United States of America
the above-captioned property: (a) all funds on deposit in Mahopac

Bank account number 41002031, held in the name of Michael A. Sangiuolo, up to and including the sum of forty one thousand and ten dollars and zero cents ($41,010.00), and all proceeds traceable thereto, (the "Mahopac Account"), and (b) the real property and premises located at 1480 SW Sea Holly Way, Palm City, Florida 34990 in Martin County, Florida, also designated as Captains Creek Lot 61 Parcel ID # 43-38-41-002-000-00610-4, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, c (the "Palm City Property"), collectively, the "Defendants in Rem" pursuant to 31 U.S.C. § 5317, as property involved in a violation or violations of 31 U.S.C. §§ 5324 and/or 5313, or a conspiracy to commit any such violations, and/or as property traceable to any such violation or conspiracy.

## JURISDICTION AND VENUE

2.     This court has jurisdiction over this action, pursuant to 28 U.S.C. §§ 1345 and 1355.

3.     Venue in the Eastern District of New York is proper, pursuant to 28 U.S.C. §§ 1355 and 1395 in that some of the acts and omissions giving rise to the forfeiture occurred in the Eastern District of New York.

## STATUTORY BACKGROUND

4.     Pursuant to 31 U.S.C. § 5313(a) and its related regulations, when a domestic financial institution, including

-2-

banks and money service businesses, is involved in a transaction for the payment, receipt, or transfer of U.S. currency in an amount greater than $10,000.00, the institution shall file a currency transaction report ("CTR") for each cash transaction, such as, by way of example, a deposit, withdrawal, exchange of currency or other payment or transfer by, through or to a financial institution.

5.    CTRs are filed with the Financial Crimes Enforcement Network ("FinCEN") at the Detroit Data Center on forms that require disclosure of, among other information, the identity of the individual who conducted the transaction and the individual or organization for whom the transaction was completed.

6.    These regulations also require that multiple transactions be treated as a single transaction if the financial institution has knowledge that they are conducted by, or on behalf of the same person, and they result in currency either received or disbursed by the financial institution totaling more than $10,000.00 during any single business day.

7.    Many individuals involved in illegal activities such as narcotics trafficking, tax evasion and money laundering, are aware of the reporting requirements, and take active steps to cause financial institutions to fail to file CTRs in order to avoid detection of the movement of large amounts of cash.  These active steps are often referred to as "structuring" and involve

-3-

making multiple cash deposits or withdrawals in amounts less than $10,000.00 on the same day or on consecutive days in order to avoid the filing of CTRs.  Structuring is prohibited by 31 U.S.C. § 5324(a)(3).

8.    Pursuant to 31 U.S.C. § 5324, it is a crime for an individual to (a) "cause or attempt to cause a domestic financial institution to fail to file a report required under § 5313(a)," (b) "cause or attempt to cause a domestic financial institution to file a report required under § 5313(a) that contains a material omission or misstatement of fact," or (c) "structure or assist in structuring, any transaction with one or more domestic financial institutions" for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a).

9.    Furthermore, 31 U.S.C. § 5317 provides for the forfeiture of any property involved in a violation of 31 U.S.C. § 5324, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy.

10.   In any forfeiture action in which the subject property is cash deposited into a bank account, the government is not required to identify the particular funds involved in the offense, because any funds found in the same account within one year of the date of the offense are subject to forfeiture pursuant to 18 U.S.C. § 984.

-4-

## FACTS

11.   Michael A. Sangiuolo ("Sangiuolo") currently maintains a home address at 3 Johnson Lane, Blauvelt, New York 10913.  Sangiuolo also owns the Palm City Property.  Sangiulo purchased the Palm City Property on or about February 24, 2011 for $310,000.00 with funds that were illegally structured in violation of 31 U.S.C. § 5324(a)(3).  Sangiuolo is employed as a member of the New York City Fire Department ("FDNY") and is also the owner of Gasco Heating and Air Conditioning located at 11 Tompkins Ave. Yonkers, NY 10710 ("Gasco").

12.   An investigation conducted by the Internal Revenue Service reveals that between on or about January, 2010 and on or about February 28, 2011, Sangiuolo maintained several bank accounts held in his name including the Mahopac Account.  These accounts included JP Morgan Chase bank account number xxxxx611 (the "Chase Account"), Bank of America account number xxxxxxxxx079(the "BOA Account") and Wachovia Bank account number xxxxxxxxxx566 (the "Wachovia Account"), (collectively the "Subject Accounts").  Sangiuolo is listed as the sole signatory on each of the Subject Accounts.

13.   Between on or about February 8, 2011 and on or about February 28, 2011, Sangiulo used the Subject Accounts to make structured deposits in the amount of approximately $351,010.00.  The schedule below identifies thirty-six (36)

-5-

structured cash deposits made by Sangiulo during this period, and sets forth the dates and amounts of these structured deposits. The majority of the structured deposits were made in Brooklyn, New York within the Eastern District of New York, and each deposit was made in an amount of less than $10,000.00, in order to avoid the filing of a CTR.  A "multiple transaction" CTR is typically filed by a financial institution without the customer's knowledge when the customer conducts more than one cash deposit or withdrawal transaction on the same banking day and the aggregate of such deposits or withdrawals exceeds the amount of $10,000.00. Additionally, the chart below reflects the numerous structured cash transactions that were made on the same business day to the same or to multiple bank accounts.  Those deposits which were made on the same business day at the same financial institution and triggered the filing of a "multiple transaction" CTR are highlighted below in bold.

| DEPOSIT DATE | MAHOPAC #41002031 | CHASE #xxxxxx611 | BOA #xxxxxxxx079 | WACHOVIA #xxxxxxxxxx566 |
|---|---|---|---|---|
| 2/08/11 | $9,840.00 | $9,800.00 | $9,500.00 | |
| 2/09/11 | **$9,900.00** | **$9,900.00** | **$9,800.00** | **$9,800.00** **$9,980.00** |
| 2/11/11 | | $9,800.00 | | $9,820.00 |
| 2/14/11 | $9,950.00 | | $9,800.00 | |
| 2/16/11 | $9,700.00 | $9,700.00 | $9,700.00 | $9,500.00 |
| 2/17/11 | | $9,000.00 | | $9,400.00 |

| 2/18/11 |            | $9,500.00  | $9,450.00  |            |
|---------|------------|------------|------------|------------|
| 2/22/11 | $9,900.00  | $9,900.00  | $9,800.00  | $9,950.00  |
|         |            | $9,950.00  | $9,950.00  | $9,950.00  |
| 2/23/11 | $9,950.00  | $9,950.00  |            | $9,950.00  |
| 2/24/11 | $9,800.00  | $9,800.00  | $9,950.00  | $9,500.00  |
| 2/25/11 |            |            | $9,800.00  |            |
| 2/28/11 | $9,500.00  |            |            |            |

14.   Based upon the investigation the Subject Accounts
were involved in structuring activity in the amount of
approximately $351,010.00 in violation of 31 U.S.C. § 5324.

15.   After funds were structured into the Subject
Accounts, most of the funds were transferred into the Mahopac
Account and commingled with the structured deposits there. These
transfers occurred by three (3) check deposits which were credited
to the Mahopac Account on or about February 24, 2011. The total
amount of the check involved in the transfer from the BOA account
was for $110,000.00, however, there was only $87,750.00 of
structured funds deposited into the BOA account and  available for
transfer. The chart below sets forth the structured deposits into
the Mahopac Account and includes date, check numbers, transferring
account and amount of transfer, and totals  $262,750.00.   These
funds are traceable to structured cash deposits to the Subject
Accounts.

| DATE OF TRANSFER | CHECK NUMBER | TRANSFERRING ACCOUNT | AMOUNT OF TRANSFER |
|------------------|--------------|----------------------|--------------------|

| 2/24/11 | 0091 | BOA | $87,750.00 |
|---------|------|-----|------------|
| 2/24/11 | 9990 | CHASE | $90,000.00 |
| 2/24/11 | 093 | WACHOVIA | $85,000.00 |
| | | | |
| **TOTAL:** | | | **$262,750.00** |

16.    Additionally, $310,000.00 was transferred from the Mahopac Account to third parties for the purchase of the Palm City Property. The transfers for the purchase of the Palm City Property occurred by three (3) checks made between on or about January 24, 2011 and on or about February 27, 2011.   Sangiuolo used structured cash to purchase the Palm City Property for a sale price of $310,000.00. The chart below sets forth the dates, check numbers, and amount of structured cash transferred from the Mahopac Account for the purchase of the Palm City Property.

| DATE OF TRANSFER | CHECK NUMBER | AMOUNT OF TRANSFER |
|------------------|--------------|--------------------|
| 1/24/11 | 513 | $1,000.00 |
| 2/14/11 | 514 | $29,000.00 |
| 2/27/11 | 516 | $280,323.80 |
| | | |
| **TOTAL:** | | **$310,323.80** |

After these deposits, $42,010.00 of structured funds remain in the Mahopac Account.

## CLAIM FOR RELIEF

17.    Plaintiff repeats the allegations of paragraphs 1 through 16 as if fully set forth herein.

-8-

18. The Defendants in Rem were involved in and/or are traceable to transactions or attempted transactions, which were structured with the intent to avoid transaction reporting requirements under federal law, in violation of 31 U.S.C. §§ 5324 and/or 5313.

19. The Defendants in Rem are liable to condemnation and to forfeiture to the United States for in accordance with 31 U.S.C. § 5317(c).

**WHEREFORE**, plaintiff, United States of America, requests that a warrant for arrest of articles in rem be issued for the Mahopac Account; that due notice of these proceedings be given to all interested persons; that the Mahopac Account and the Palm City Property be forfeited and condemned to the use of the United States of America; that notice be properly served; that the plaintiff be awarded its costs and disbursements in this action; and for such other relief and further relief as this Court deems just and proper.

Dated:     Brooklyn, New York
            February _l_, 2012

                     LORETTA E. LYNCH
                     UNITED STATES ATTORNEY
                     Eastern District of New York
                     Attorney for Plaintiff
                     271 Cadman Plaza East
                     Brooklyn, New York 11201

By: _____
     KAREN R. HENNIGAN
     Special Assistant U.S. Attorney
     (718) 254-6254

## **VERIFICATION**

MIGUEL VALENCIA, hereby declares as follows:

1.   I am a Special Agent with the Internal Revenue Service.

2.   I have read the within Verified Complaint <u>In Rem</u> and know the contents thereof.

3.   I believe that the matters contained in the within Verified Complaint <u>In Rem</u> are true and accurate to the best of my knowledge, information and belief.

4.   The source of my information and the grounds for my belief are personal knowledge, information provided by other law enforcement officers, and the official files and records of the United States of America.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:      Brooklyn, New York
            February _1_, 2012

                                        Miguel Valencia
                                        Special Agent
                                        Internal Revenue Service

-10-

Civil Action No. ___ CV ___

**UNITED STATES DISTRICT COURT**
Eastern District of New York

UNITED STATES OF AMERICA

-against-

ALL FUNDS ON DEPOSIT IN MAHOPAC BANK ACCOUNT NUMBER 41002031, HELD IN THE NAME OF MICHAEL A. SANGIUOLO UP TO AND INCLUDING THE SUM OF FORTY-ONE THOUSAND TEN DOLLARS AND ZERO CENTS ($41,010.00), AND ALL FUNDS TRACEABLE THERETO, AND

Defendant

**VERIFIED COMPLAINT IN REM**

LORETTA E. LYNCH
United States Attorney,
Attorney for United States of America
Office and Post Office Address
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

Due service of a copy of the within _____ is hereby admitted.

Dated: _____ , 20___

Attorney for
SAUSA, KAREN R. HENNIGAN(718) 254-6254

---

SIR:

**PLEASE TAKE NOTICE** that the within will be presented for settlement and signature to the Clerk of the United States District Court in his office at the **UNITED STATES DISTRICT COURT U.S. Courthouse** 225 Cadman Plaza East, **EASTERN DISTRICT OF NEW YORK**, Brooklyn New York on the ___ day of _____ , 20___, at 10:30 o'clock in the forenoon.

Dated: Brooklyn, New York

_____ , 20___

United States Attorney,
Attorney for _____

To: _____

---

SIR:

**PLEASE TAKE NOTICE** that the within is a true copy of _____ duly entered herein on the ___ day of _____ in the office of the Clerk of the Eastern District of New York,

Dated: Brooklyn, New York

_____ , 20___

United States Attorney,
Attorney for _____

To: _____